[Cite as *State v. Smallwood*, 2021-Ohio-1103.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 20CA1 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| KYLE J. SMALLWOOD, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 03/26/2021** |

_____

<u>APPEARANCES:</u>

Stephen P. Hardwick, Columbus, Ohio, for Appellant.

Anneka P. Collins, Highland County Prosecutor, and Adam J. King, Assistant Highland County Prosecutor, for Appellee.

_____

Wilkin, J.

{¶1} This is an appeal of a Highland County Court of Common Pleas judgment of conviction in which a jury found, appellant, Kyle Smallwood, guilty of assaulting a peace officer in violation of R.C. 2903.13(A), a fourth-degree felony. The trial court imposed a 17-month prison sentence. Appellant asserts that his conviction is against the manifest weight of the evidence. Having reviewed the record and the applicable law, we overrule his assignment of error, and affirm the trial court's judgment of conviction.

BACKGROUND

{¶2} On July 2, 2019, a grand jury indicted appellant for assaulting a peace officer in violation of R.C. 2903.13(A). On January 6, 2020, appellant's case proceeded to trial where the following evidence was presented. The state

presented three witnesses: Michael Berryhill, Sheriff's Deputy Brandon Young, and Police Officer Ron Martin.

{¶3} Berryhill, who lives on Panhandle Road, testified that he was walking his dog on June 13, 2019 when appellant approached him and asked if he recognized the vehicles next door.  Berryhill testified that he believed that appellant was worried about his daughter. Berryhill testified that he put his dog back in his house, and when he returned "[appellant] was fighting with an officer from the Sheriff's Department." Berryhill testified that the officer was telling appellant to "get down," and then "they both hit the ground and they cuffed [appellant], put him in the Sheriff's cruiser, and took him down the road." On cross examination, Berryhill admitted that he had given the authorities an initial statement about the incident that did not mention any fighting between the officer and appellant.

{¶4} The state's next witness was Brandon Young, a deputy with the Highland County Sheriff's Office. Deputy Young testified that at 7:45 p.m. on June 13, 2019, the Sheriff's Office received a call from Shannon Bingham, who lived at 4995 Panhandle Road, claiming that appellant was kicking on the door of her residence, trying to get in. Young testified that he was dispatched to investigate.  Young testified as follows:

> I seen [appellant] walking from the neighbor's house, Mr. Berryhill.  I met [appellant] halfway in the yard, identified myself. [Appellant] was excited to see me at the time, he was very animated, confrontational, uh, advised that something was wrong with his daughter, and we needed to go check on her.
> We proceeded to walk towards her house together, he kept putting his hands in his pockets, and I asked him several times to stop.

Once we got to the driveway, I told him again "Keep your hands out of your pockets." He threw his hands up and said "I don't have anything on me, you can check." At which time I checked him for weapons and stuff while he was on the vehicle.

After that was completed, he started to walk towards the house. I advised [appellant] that he had a warrant for his arrest, that we would sort that out, and then we would check on his daughter. At which point, [appellant] still continued to walk towards the house. I grabbed his left arm, he yanked away from me. I grabbed his left arm again and pinned him up against the vehicle with his left arm pushed over to the right side of his body.

So with his arm pinned up against him, we were kind of off-balance up against the vehicle. He swung with his right hand and caught me in the right corner of my eye. At which point we turned locations to where my back was against the car. He squared up with his fist closed, and excuse my language, and said "I'll beat your fuckin' ass, Young."

{¶5} Young testified that appellant then fled, but surrendered shortly thereafter and was arrested.

{¶6} The final witness called by the state was Hillsboro Police Officer Ron Martin, who was a sheriff's deputy with the Highland County Sheriff's Office at the time of the incident herein. Officer Martin testified that when he arrived at the scene that June evening, he saw Deputy Young chasing appellant. He testified that he assisted Young in apprehending appellant in the back yard. Martin testified that he noticed a bruise on Young's cheek, which Martin photographed and was shown to the jury as an exhibit. The state then rested.

{¶7} Appellant did not testify or present any evidence. After jury instructions and closing arguments, the jury deliberated and returned a verdict of guilty. The trial court proceeded to sentence appellant to 17 months in prison. It is this conviction that appellant appeals.

ASSIGNMENT OF ERROR

MR. SMALLWOOD'S CONVICTION IS AGAINST THE MANIFEST
WEIGHT OF THE EVIDENCE. EVID.R. 613(B)

{¶8} Appellant asserts that Berryhill's initial statement regarding this incident "included no mention of [appellant] striking Deputy Young." Appellant argues that this omission in Berryhill's statement impeaches his trial testimony that he observed appellant and Young fighting. Based on the impeached testimony of the state's only "independent witness," appellant argues that this court should find that the verdict is against the manifest weight of the evidence and remand the case for a new trial.

{¶9} In response, the state argues that appellant's conviction is supported by the manifest weight of the evidence. The state argues that the evidence established that Deputy Young arrived at the scene in a marked cruiser, wearing his duty uniform, and identified himself to appellant as a sheriff's deputy. Further, an "[e]yewitness Michael Berryhill testified at trial that he observed appellant fighting with a deputy." The state additionally asserts that Young's testimony that appellant struck him, as well as the pictures of Young's bruised eye, support appellant's conviction. Therefore, the state argues that this court should overrule appellant's assignment of error, and affirm his conviction.

LAW and ANALYSIS

1. Standard of Review

{¶10} In a manifest-weight-of-the-evidence review: "we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the

evidence, the trier of fact clearly lost its way and created such a miscarriage of justice that reversal of the conviction is necessary." *State v. Smith*, 4th Dist. Lawrence No. 19CA23, 2020-Ohio-5316, ¶ 31, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "To satisfy its burden of proof, the state must present enough substantial credible evidence to allow the trier of fact to conclude that the state had proven all the essential elements of the offense beyond a reasonable doubt." *State v. Setty*, 4th Dist. Adams No. 20CA1106, 2020-Ohio-4318, ¶ 17, citing *State v. Adams*, 4th Dist. Lawrence No. 15CA2, 2016-Ohio-7772, 84 N.E.3d 155, ¶ 22.

{¶11} "Even in acting as a thirteenth juror we must still remember that the weight to be given evidence and the credibility to be afforded testimony are issues to be determined by the trier of fact." *State v. Hoskins*, 4th Dist. Adams No. 19CA1093, 2019-Ohio-4842, ¶ 20, citing *State v. Frazier*, 73 Ohio St.3d 323, 339, 652 N.E.2d 1000, citing *State v. Grant*, 67 Ohio St.3d 465, 477, 620 N.E.2d 50. "We defer to the trier of fact on these evidentiary weight and credibility issues because it is in the best position to gauge the witnesses' demeanor, gestures, and voice inflections, and to use these observations to weigh their credibility." *Id.*, citing *State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 17; *State v. Wells*, 4th Dist. Lawrence No. 18CA23, 2019-Ohio-3799, ¶ 10-11.

{¶12} "[A] reviewing court may not reverse a conviction when there is substantial evidence upon which the trial court could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt." *State v.*

*Barnes*, 4th Dist. Ross No. 19CA3687, 2020-Ohio-3943, ¶ 18, citing *State v. Johnson*, 58 Ohio St.3d 40, 42, 567 N.E.2d 266 (1991), citing *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), paragraph two of the syllabus. "[W]e will only interfere if the fact finder clearly lost its way and created a manifest miscarriage of justice." *Id.* at ¶ 19.

{¶13} Appellant was convicted of assaulting a peace officer pursuant to R.C. 2903.13(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *," and (C)(5), which states: "If the victim of the offense is a peace officer * * * while in the performance of their official duties, assault is a felony of the fourth degree."

{¶14} Appellant argues that Berryhill testified on direct examination he saw appellant and Deputy Young fighting, but on cross-examination admitted that he did not mention any fight in his initial statement. Therefore, appellant argues Berryhill impeached his own testimony. Even if that is true, it is the jury's prerogative to determine Berryhill's credibility.

{¶15} Moreover, even without Berryhill's testimony there is substantial evidence supporting each element of the offense. There is no dispute that Deputy Young was a peace officer on June 13, 2019 in the performance of his duties at the time of the incident herein. There is also testimony from Young that appellant punched him in the eye, as well as accompanying pictures of the bruising on Young's face taken by a fellow deputy that day. Consequently, we find there is substantial evidence upon which the jury could have reasonably concluded that all elements of the offense have been proven beyond a

reasonable doubt.  Therefore, because the jury did not lose its way so as to create a manifest injustice finding appellant guilty, we overrule appellant's assignment of error.

CONCLUSION

{¶16} Having overruled appellant's sole assignment of error, we affirm the trial court's judgment of conviction.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
       Kristy S. WIlkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**